**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Grace Woodham</u>

    v.                                        Case No. 20-cv-236-SM

<u>New Hampshire Department of Safety –</u>
<u>New Hampshire State Police</u>
<u>Bomb Squad et al.</u>[1]

**REPORT AND RECOMMENDATION**

Plaintiff, Grace Woodham, brings this 42 U.S.C. § 1983 action against three New Hampshire state agencies and certain employees of those agencies, asserting that the defendants have violated her federal constitutional rights and are liable to her in tort. The complaint (Doc. No. 1) is before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a), and LR 4.3(d)(1).

**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints seeking relief from government agents. <u>See</u> 28 U.S.C.

---

[1]The defendants named in the complaint documents are: the New Hampshire Department of Safety – New Hampshire State Police Bomb Squad ("Bomb Squad"); the New Hampshire Forensics Laboratory ("NHFL"); the New Hampshire Fire Marshal's Office ("FMO"); Bomb Squad Troopers Sharon Kopp, Parkington (whose first name is unknown ("FNU")), FNU Flynn, and FNU Cyr; FMO Investigators Adam Fanjoy and Matthew Wilmot; NHFL Criminalist FNU Stillato; and John Does #1 and #2. The individual defendants are sued in their individual and official capacities.

§ 1915A(a); LR 4.3(d)(1).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

## Background

Ms. Woodham asserts in her complaint that she has been accused of, and is presently being criminally prosecuted for, placing explosive devices in the car of her former boyfriend, Tucker Schaeffer, on May 3, 2019, in the car of Mr. Schaeffer's roommate, Audrey Hall, on April 3, 2019 and June 2, 2019, and on the fire escape at the Littleton Courthouse on June 3, 2019. Ms. Woodham alleges that New Hampshire State Police Bomb Squad ("Bomb Squad") Troopers Parkington and Sharon Kopp determined, "based upon a pH strip test," that the device discovered April 3, 2019 was a chemical reaction bomb ("CRB") which showed the

presence of a "'strong acid." Compl. (Doc. No. 1), at 8. The New Hampshire Forensics Laboratory ("NHFL"), however, came to a contrary conclusion about the suspected CRB, specifically, that it was a "base." Id.

Ms. Woodham alleges that although the device discovered May 3, 2019 was a "dud" and "obviously not live," the Bomb Squad, based on a preliminary field test which showed the presence of an acid, destroyed the device with a water cannon. Ms. Woodham asserts that the Bomb Squad also destroyed potentially exculpatory evidence with the water cannon. NHFL Criminalist Stillato found that the May 3, 2019 device contained a "very acidic" liquid, but he did not report a pH level. Ms. Woodham alleges that the defendants withheld information from her concerning how the May 3, 2019 device "was tested and/or dismantled." Id.

Trooper Kopp investigated the June 2, 2019 incident and involved the state Fire Marshal's Office ("FMO") in the investigation. Ms. Woodham asserts that there were "obvious inconsistencies" in the complainant's statements, as well as missing evidence, and the matter was outside of the FMO's jurisdiction.

Ms. Woodham alleges that FMO Investigator Matthew Wilmot, in investigating the case, prepared a warrant to seize Ms. Woodham's cell phone, illegally detained her, interrogated her

without an attorney present, and threatened to arrest her.  Ms. Woodham also claims that FMO Investigator Adam Fanjoy, after reviewing video of Ms. Woodham shopping on June 2, 2019 at the Littleton Co-op, falsely accused her of shoplifting because she temporarily left the store to get her wallet out of her car.

On June 3, 2019, a suspected explosive device was found on the fire escape of the Littleton Courthouse.  Trooper Kopp field-tested the device with a pH strip and claimed the liquid in the device was "very acidic," but failed to record a presumptive pH range.  Ms. Woodham asserts that a photograph of the suspected device, however, suggests that the liquid was "closer to neutral."  Id.  Ms. Woodham alleges that the defendants have withheld evidence regarding the June 3, 2019 device from her.

On June 8, 2019, Investigator Fanjoy searched Ms. Woodham's car.  Ms. Woodham alleges that he removed several items from her car that he did not report on the receipt listing the property he seized, including: her purse, which contained exculpatory evidence related to her criminal case; $80.00 in cash that had been in her wallet; her second set of car keys; her passport; and her tax returns.  Ms. Woodham asserts she is attempting to litigate the improper removal of property from her car in small claims court.

On June 9, 2019, Investigator Wilmot searched Ms. Woodham's

4

house pursuant to a search warrant, the application for which was prepared by Investigator Fanjoy. Ms. Woodham alleges that Investigator Wilmot seized items from her house which were outside the scope of the warrant, based on a "bad faith representation" that Ms. Woodham was a drug dealer. Id. at 10. Ms. Woodham asserts she is seeking to suppress the fruits of that search in her criminal case.

## Claims

Seeking damages, Ms. Woodham asserts the following claims for relief in this action:

1. Bomb Squad Troopers Sharon Kopp and Parkington, FMO Investigators Adam Fanjoy and Matthew Wilmot, and NHFL Criminalist Stillato violated Ms. Woodham's Fourteenth Amendment right to due process in connection with the criminal investigations and charges against Ms. Woodham arising out of her alleged placement of explosive devices on April 3, 2019, May 3, 2019, June 2, 2019, and June 3, 2019, in that:

    a. Those defendants produced and/or relied upon inaccurate, incomplete, and conflicting field test and laboratory test results;

    b. Those defendants failed to provide Ms. Woodham with potentially exculpatory evidence in discovery in her criminal case;

    c. Troopers Parkington and Kopp improperly caused potentially exculpatory evidence to be destroyed with a water cannon on May 3, 2019; and

    d. Trooper Kopp improperly involved the FMO in the investigation of Ms. Woodham's criminal cases as those matters were not in the FMO's jurisdiction.

5

2.   FMO Investigators Adam Fanjoy and Matthew Wilmot violated Ms. Woodham's Fourth Amendment rights in connection with the June 8, 2019 search of her car and the June 9, 2019 search of her house, when:

> a.   Investigator Fanjoy seized property from Ms. Woodham's car which he failed to include on the receipt listing the property seized; and

> b.   During a search of Ms. Woodham's home conducted pursuant to a search warrant, Investigator Wilmot seized items from her house which exceeded the scope of the warrant.

3.   FMO Investigator Adam Fanjoy is liable to Ms. Woodham for the tort of defamation for falsely accusing Ms. Woodham of shoplifting on June 2, 2019.

4.   Bomb Squad Troopers Kopp and Parkington, FMO Investigators Fanjoy and Wilmot, and NHFL Criminalist Stillato are liable to Ms. Woodham for the torts of assault, intentional infliction of emotional distress, and false imprisonment, based on their conduct underlying the claims summarized in this Report and Recommendation as Claims 1-3.

5.   The New Hampshire Department of Safety/New Hampshire State Police Bomb Squad, New Hampshire Fire Marshal's Office, and the New Hampshire Forensics Laboratory failed to properly train their employees, resulting in the conduct underlying the claims summarized in this Report and Recommendation as Claims 1-4:

> a.   in violation of Ms. Woodham's Fourteenth Amendment right to due process;

> b.   in violation of Ms. Woodham's Fourth Amendment rights in connection with the June 2019 searches of her car and house and the seizures of her person and property; and

> c.   in a manner rendering them liable under state tort law for negligent failure to train, defamation, assault, intentional infliction of emotional distress, and false imprisonment.

**Discussion**

I. <u>Eleventh Amendment ( Agencies/Official Capacity Claims)</u>

Seeking damages, Ms. Woodham has sued several state agencies operating under the umbrella of the New Hampshire Department of Safety.  She has also sued all of the individually-named defendants in this action in both their individual and official capacities.  Claims for damages against state agencies and state officers in their official capacities are barred by the Eleventh Amendment.  <u>See</u> <u>Town of Barnstable v. O'Connor</u>, 786 F.3d 130, 138 (1st Cir. 2015).  Accordingly, the district judge should dismiss Claim 5, which asserts claims for damages against state agencies, and drop the state agencies from this action.  Further, the district judge should dismiss Claims 1-4 to the extent those claims are asserted against the individual defendants in their official capacities.

II. <u>Troopers Flynn and Cyr and John Doe Defendants</u>

Ms. Woodham has named Bomb Squad Troopers Flynn and Cyr, and John Does #1 and #2 as defendants in this action.  The complaint does not contain any facts alleging that any acts or omissions of Trooper Flynn, Trooper Cyr, or the John Doe defendants violated her rights.  Accordingly, the district judge should drop those defendants from this case at this time,

7

without prejudice to Ms. Woodham's ability to move to amend her complaint and/or to join defendants in the future as appropriate.

III. Remaining Claims and *Younger*

The complaint indicates that Ms. Woodham is currently a defendant in a criminal case that is pending in state court. This raises the issue of whether her remaining individual capacity claims for damages, identified as Claims 1-4, must be stayed at this time, pursuant to the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37 (1971); Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015) ("only three types of state proceedings trigger Younger abstention: (i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts'" (citation omitted)).  The ongoing prosecution of Ms. Woodham is an archetypical case for the application of Younger.  See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Once the court concludes that the parallel state case potentially triggers the Younger abstention doctrine, the court

8

examines whether the state case provides an adequate opportunity to raise federal defenses, and whether any of the narrow set of exceptions to the Younger abstention doctrine are applicable. See Sirva Relocation, 794 F.3d at 192. Nothing in the record here suggests that Ms. Woodham will be unable to assert federal defenses in the state criminal case. And none of the exceptions to Younger abstention, identified in Sirva Relocation, 794 F.3d at 192, appear to be present.

Where the relief requested in Ms. Woodham's remaining claims includes damages, and damages are unavailable in a criminal prosecution, Younger abstention is appropriately effected through a stay of those claims for damages, pending resolution of her criminal case. See Rossi v. Gemma, 489 F.3d 26, 38 (1st Cir. 2007). Accordingly, further proceedings in this case should be stayed, pending the issuance of a final judgement in Ms. Woodham's criminal case, upon approval of this Report and Recommendation and completion of service of the complaint upon the defendants named in Claims 1-4.

## Conclusion

For the foregoing reasons, the magistrate judge recommends as follows:

   1.  This R&R should be approved;

   2.  Claim 5 should be dismissed in its entirety; and

Claims 1-4 should be dismissed to the extent that they seek relief against any defendant in an official capacity;

    3.   The New Hampshire Department of Safety – New Hampshire State Police Bomb Squad, the state Fire Marshal's Office, the New Hampshire Forensic Laboratory, Trooper Flynn, Trooper Cyr, and John Does #1 and #2 should be dropped as defendants; and

    4.   Further proceedings in this action should be stayed, once this R&R is approved and the process of serving the remaining defendants is completed, as directed in the Order issued simultaneously with this R&R.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                   _/s/ Andrea K. Johnstone_
                                                                   Andrea K. Johnstone
                                                                   United States Magistrate Judge

September 15, 2020

cc: Grace Woodham, pro se